Wood, J.
It appears from the record that the court charged the jury, “ that the agreement on which the action was brought was an express contract for the payment of rent quarterly for the use and occupation of the building leased, and, being express, the defendants were not released from their obligation by the destruc414] tion of the building by fire on *February 14, 1840, though without the fault of the defendants.”
This instruction of the court is supposed to be erroneous, a-nd our investigation is resolved into the inquiry, whether the agreement to_ pay the rent, which is the basis of the action, is express or implied. For if it be express, whether under seal or by parol, whether the action be covenant or assumpsit, the destruction of the leased premises by inevitable accident, does not discharge the lessees from their liability to pay the rent. This is admitted by the defendant’s counsel, and it would be difficult to maintain the affirmative of the proposition against the weight of authority contained in both the English and American reports. 3 Kent Com. 373.
Is this, then, an express contract to pay the rent? An express contract may be defined to be an agreement whose terms are openly uttered or expressed by the contracting parties. In such a case, if the contracting party by his own act creates a charge upon himself, he is held to its performance, and inevitable accident does not excuse him, for it was his own folly that he did not provide against it in his contract. An implied agreement is where the terms of the contract are not expressed between the *415 contracting parties, but the obligations of natural justice, by reason of some legal liability, impose the payment of money or the performance of some duty, and raise a promise to that effect. In the latter case, as the law creates the duty it also provides the exception, for if the party be disabled from performance without his own default, his obligation is discharged.
Is this contract, then, express or implied ? It is signed by both the parties. It expresses the description of the premises leased, the time for which they are to bo engaged, and the consideration, in these words: “For $300 per annum, payable quarter-yearly.’ Nothing is left here to inference; all is'agreed-by the parties themselves. The defendants have leased the store for two years, and agreed to pay the rent, $300, quarter yearly, and as they did. not provide in their contract against inevitable accident, they are not discharged *by the destruction of the store though [M5 without their default.
The instruction to the jury was right, and judgment will be entered on the verdict. Yerdict for the plaintiff.