Ranney, J.
The case of Coe v. The Columbus, Piqua and Indiana R. R. Co., 10 Ohio St. Rep. 372, is supposed by the court to have decided, that the powers conferred upon this company by the general railroad law of 1848, enabled it to mortgage, effectually, its “property connected with the railroad, and the use of its franchise, whether real or personal, to be subsequently acquired.” It follows that the property involved in this action, was bound by the mortgage to the plaintiff ; and it was his right to protect and preserve it, and appropriate it to the payment of the debts named in the mortgage, in the manner therein specified, or by any appropriate legal proceeding. But in that case, and in the case of Coe v. The Knox County Bank, 10 Ohio St. Rep. 412, it was still further held, that the execution of such a mortgage by the company, operated no exemption to that part of its property in its nature personal, while it remained in the possession of the company, from levy upon executions to satisfy judgments rendered against the company; and that, in this respect, there was no distinction between such a mortgage and one executed by an individual upon other descriptions of personal property. The agreed statement of facts shows, that, at the time this levy was made, this property, together with all the balance included in the mortgage, was in the actual possession, and use and enjoyment, of the company. The levy, then, was properly and legally made, and bound such interests as the *191 company had in the property seized. But as the interests of the company were subordinate to those of the plaintiff, under the mortgage, and as the payment of interest was in arrears, there is probably no doubt, that he might have taken possession of the “railroad, and all property thereof, conveyed in said mortgages,” either for the purpose of running the road, or bringing it to a sale, as therein provided. And there is no doubt, that upon the facts stated in the record, that all the property mortgaged was largely insufficient to pay the debts secured by it, and that the company was insolvent, he might have successfully invoked the interposition of a court of equity, to prevent further proceedings upon the executions. But he did none of these things; not even to demand the possession of the defendant, except by the writ of replevin; and that, the record informs us, was employed, and the property taken “ for the purpose of being returned to the use of the railroad company, and it was by said company consumed for fuel, in the running of their trains on the road.”
We do not, however, intend to imply, that a previous demand alone,would have justified the present action. It is very clear that it would not. By the terms of the mortgage, a default for sixty days in the payment of either principal or interest, authorized the plaintiff to take possession of the railroad, and other property mortgaged, and employ or sell it, as he should think proper. Neither the language of the mortgage, nor the nature of the property covered by it, will permit such a construction of this provision, as would allow the trustee to detach portions of the property, leaving the residue in the possession of the corporation. If it did, the trustee might take the rolling stock, leaving the road in the hands of the corporation, and thus both descriptions of property be rendered useless to both creditors and stockholders; and, what is of much greater importance, neither the trustee nor corporation enabled to discharge those public obligations, in the use of the road, as a public highway, and to which, by láw, the property has been devoted. If the trustee does not see fit to act upon this power, and take upon himself the responsibility of using the road, or selling it, so that the purchaser may do so, he may *192 resort to the ordinary remedy, namely, in a court of equity, whose duty it would be, through the agency of a receiver, or otherwise, to see that this great object of the work was as little interfered with, as the interests involved in the action would permit.
If, then, the trustee has the power to take from the corporation portions of the property mortgaged, only when exercising a bona fide attempt to possess himself of the whole work, it is clear, that he stands upon no higher ground in respect to an officer who has legally levied an execution upon the property, and has thereby succeeded to all the interests which the corporation had; and, in no event, can he be permitted to use this power, either with or without legal process, for the purpose of restoring to the corporation the possession and use of property which has been lawfully taken from it, under the circumstances stated in the agreed case.
We are, therefore, of the opinion, that the court properly found for the defendants, upon the issues joined between the parties; and the only remaining question is, what damages, upon this finding, were they entitled to recover from the plaintiff? The court below thought they were entitled to the full value of the property (that amount not exceeding the amount of the executions levied upon it), and judgment was rendered accordingly. In this, we think, the court erred. The statute gives such damages as are “ right and proper.” 2 S. & C. 1000. Undoubtedly, the judgment must have proceeded upon the assumption, that this after-acquired property was not covered by the mortgages to the plaintiff. But this assumption has been declared to be unfounded, in the two cases already cited. With the lien of these mortgages upon the property, undisturbed by the levy, and with the admitted fact, that this lien very far exceeded the entire value of all the property included in the mortgages, it is very evident, that the levy bound no substantial interest, that the defendants lost substantially nothing, in losing the possession, and that it would be neither “right” nor “ proper” to compel the plaintiff to pay for an interest which the defendants never bound by their levy, but which was vested in the plaintiff, in trust *193 for the bondholders, by the mortgage deeds. The defendants, therefore, should have recovered only nominal damages; and for the error in giving more, the judgment for damages must be reversed. And, thereupon, proceeding to render such judgment, upon the agreed statement of facts, as the court below should have rendered, we do order that the defendants recover nominal damages, and their costs.
■ The judgment finding the right of possession in the defendants, is affirmed — that part for the damages is reversed, and one for nominal damages rendered; and the judgment being reversed in part, and affirmed in part, the costs in error are equally divided.
Peck, C.J., and Brinkerhoee, Scott and Wilder, JJ., concurred.